[No. 9073.    Department One.    February 4, 1911.]

## D. H. Buttz et al., Appellants, v. Harl J. Cook et al., Respondents.[1]

Appeal—Review—Harmless Error—Objections to Evidence—Pleading—Issues. In an action on contract for services, put in issue by a general denial, it is not error to refuse to strike evidence of a waiver by plaintiff of the contract, on motion made near the close of the trial, where much evidence of that nature had been admitted without objection.

Pleadings — Issues and Proof — General Denial. Waiver by plaintiff of a contract for services may be shown in an action for the services under a general denial, where the evidence tended to show that the services had not been performed.

Appeal—Review—Harmless Error — Tender — Curing Error—Verdict. Where a check was tendered plaintiff of the amount due, less interest, and was refused and held subject to defendants' order because it did not include interest, an offer to cash the check, made by defendants before judgment, cures any errors leading up to a verdict for the interest only.

Same—Exclusion of Evidence. Error in the exclusion of evidence to show the joint liability of one of the defendants is harmless where the verdict was against such defendant.

Appeal by plaintiffs from a judgment of the superior court for Spokane county, Sullivan, J., entered January 7, 1910, upon the verdict of a jury rendered in favor of the plaintiffs, in an action on contract. Affirmed conditionally.

*Davis & Davis*, for appellants.

*Post, Avery & Higgins*, for respondents.

Parker, J.—This is an action to recover compensation for services upon two causes of action. The wife is made a party,

[1]Reported in 113 Pac. 282.

evidently because of her community interest. In their first cause of action, the plaintiffs allege, in substance, that in February, 1905, the plaintiff D. H. Buttz was employed by Cook & Clarke to procure for them a man who would assist them in disposing of some sixty sections of Moxie Valley lands, situated in Yakima county, or a man who would purchase the lands, for which service they were to pay the plaintiff D. H. Buttz one thousand dollars; that thereafter, in April, 1905, the defendants Cook & Clarke organized the corporation Cook-Clarke Company, which corporation thereupon took over and assumed all of the assets and liabilities of Cook & Clarke, including their rights to these lands; that at the time the plaintiff D. H. Buttz undertook to procure a buyer or some person who would assist in disposing of the lands, Cook & Clarke had an option to purchase the same from the Yakima Land and Live Stock Company; that the plaintiff D. H. Buttz proceeded under his contract and succeeded in procuring one J. H. Rose to assist the defendants to dispose of the lands, and a contract was made accordingly between J. H. Rose and the defendants; that J. H. Rose did assist the defendants and did succeed in disposing of all of the lands in conformity with the agreement between the plaintiff D. H. Buttz and defendants Cook & Clarke, and that the plaintiffs' contract of service was thereby fully performed; for which judgment is asked in the sum of $1,000. The defendants, answering the cause of action, admit the existence of the Cook & Clarke partnership and the Cook-Clarke Company corporation, but deny all other allegations thereof.

In their second cause of action the plaintiffs allege, in substance, that the plaintiff D. H. Buttz was employed by Cook & Clarke as a salesman, and they agreed to pay him a commission of five per cent upon the sale price of any lands which they owned or had listed for sale for which he would find a purchaser; that the plaintiff D. H. Buttz thereafter sold a half section of land which the defendants had for sale, at the price of $3,840, upon which his agreed commissions was

$192, upon which has been paid $50, leaving a balance due of $142 and interest; that upon the organization of the Cook-Clarke Company corporation, this obligation was assumed by the corporation. Judgment upon this cause of action is asked in the sum of $142, and interest thereon from March 1, 1905. Answering these allegations, the defendants admit the sale by the plaintiff and the paying of $50 upon his commission, but allege that the commission of five per cent was to be paid only as the purchase price was paid upon the land, and that at the time of the commencement of the action only $500 had been paid upon the purchase price of the land, and that the plaintiff had received all he was then entitled to under his contract. A trial before the court and a jury resulted in a verdict and judgment in appellants' favor in the sum of $24.85. It is evident from the record, that this verdict was the result of the jury's concluding that the plaintiffs were not entitled to any recovery upon their first cause of action; that the $142 had been paid after the commencement of the action; and that the plaintiffs were entitled to the $24.85 as interest on the $142. From this judgment, the plaintiffs have appealed.

The first contention made by learned counsel for appellants is, in substance, that the court erred in admitting and refusing to strike out certain evidence which it is claimed by them tended to show that they had waived their right to commission under their first contract. This contention is based upon the absence of any such issue raised by the pleadings, the answer being a denial of the contract and service pleaded in the first cause of action. The objection to evidence of this nature was first made by appellants' counsel near the close of the trial, which lasted two days, and after considerable evidence along the same line had been introduced by respondents without any objection from appellants' counsel, and the motion to strike was made at the close of all the evidence. Even if this evidence was admitted upon the theory of waiver instead of that of the nonexistence of the contract service there-

under, it was not prejudicial error for the court to rule against appellants under the circumstances. We think, however, that the evidence objected to and sought to be stricken out tended to show that service was not rendered by appellant D. H. Buttz under the contract. This, in any event, rendered it admissible, and was evidently the ground upon which the learned trial court ruled.

After the commencement of this action in the superior court, and over a year before the trial, there was sent to appellant D. H. Buttz a check for $142, to apply on the commission alleged to be due appellants in their second cause of action. This check was never returned, but held by appellants until the trial, and then produced by the appellant D. H. Buttz and offered in evidence in connection with his cross-examination by counsel for respondents, when it was filed in the case as defendants' Exhibit Two, by consent of appellants. It will be noticed that this is the amount claimed by appellants, less interest, in their second cause of action. This check was sent to appellants by J. H. Rose, evidently at the instance of respondents. Appellant D. H. Buttz testified upon his cross-examination as to his receiving and holding this check as follows:

"Q. Has he not given you a check, signed by him, for that amount? A. I did not accept it, and I so wrote him. Q. You have the check yet, haven't you? A. I wrote him that I wouldn't accept the check; that I would hold it subject to his order, until he had paid it in full, $167.50, my demand, and I so notified him last August, in his office in Seattle. He asked me what I had done with that check in the presence of another party, and I said that I held it subject to his order. I told him this right in his office in the presence of Mr. Knuppenburg and Mr. Greenwall. Q. You are keeping the check all right, aren't you? A. Until he pays me, the Cook & Clarke Company owe me the money. Q. Wouldn't you take Mr. Rose's check? A. If Mr. Cook will give me the cash I will turn it over to him. I don't know if it is worth a dollar today. I am not going to take a check that I don't know it will ever be paid. Q. You didn't say that before, you said it

was because it was not for $167.50? A. I say today I don't know whether it will be paid or not. . . Q. And you have not tried to cash it? A. No, sir. Q. You in the meantime have written saying it was subject to his order, you didn't enclose it in the letter and sent it back to him? A. No, sir. Q. And you have not tried to cash it? A. No, sir. Q. And you told him the reason you had not done so was because it was not for a greater amount, that is for $167.50? A. Yes, sir. Q. What is the $167 for? A. Commissions and interest. Q. The difference between $167 and $142 is for interest? A. Yes, sir. Q. Then if that difference had been paid, added on to this check, that would settle it? A. Yes, sir. . . Q. (By Mr. Avery) It was given you for the purpose of paying you all or a portion of the amount due on the second cause of action in this complaint? A. Yes, sir."

Upon the hearing of their motion for new trial, counsel for appellants insisted that the court decide, as a matter of law, that the jury erred in failing to find for appellant in the sum of $142 in addition to the sum of $24.85, which was evidently found due to appellants as interest. Replying to this contention, counsel for respondents offered in their behalf to guarantee the payment of the check for $142, or to then and there pay to appellants the amount called for by the check. Several of appellant's assignments of error relate to certain instructions given and requested instructions refused, which it is argued erroneously led the jury to omit the $142 from their verdict. In view of the manner of the receiving and holding of the check by appellant D. H. Buttz, his failure to object to it save as to the amount, and the offer of respondents' counsel to cash the check, made upon the hearing of the motion for new trial, it seems to us that there could in no event be any prejudicial error in the actions of the court which are complained of as to giving or refusing instruction upon this branch of the case    When appellants' counsel offered to pay this check upon the hearing of the motion for new trial, every possible error which caused the omission of that amount from the verdict was cured, even should it be considered that the receiving and holding of the check

by appellant D. H. Buttz in the manner testified to by him was not equal to an acceptance of it as a payment upon the amount claimed in the second cause of action. What possible injury could result to appellants from errors causing the omission of this $142 from the verdict when respondents offered to pay it in cash before the entering of the judgment? No action of the court could result in appellants' receiving any more than this $142 in addition to the verdict upon their second cause of action, for that is all they were seeking to recover thereon in addition to what the jury had already awarded them.

It is contended that the court erred in excluding certain offered evidence, which counsel for appellants claim tended to show that the corporation assumed the liabilities of the partnership, with which the appellant D. H. Buttz had made the contracts sued upon. This is another alleged error which in no event could be prejudicial to appellants, because, as we have noticed, the verdict and judgment, in so far as it is favorable to appellants, is against the corporation as well as the partnership. As to the first cause of action, the finding of the jury was in favor of the partnership; so of course the corporation could not be liable, since its liability was only because it had assumed the liabilities of the partnership. It is plain that appellants had the benefit of the corporation's assumed liability as fully as if such assumption on its part had been an admitted fact in the case.

We think the foregoing covers all the contentions of learned counsel for appellants requiring our discussion. We conclude that the judgment of the learned trial court should be affirmed, upon condition, however, that respondents pay, or cause to be paid, to appellants, or deposit with the clerk of the superior court, the sum of $142 for them, within thirty days after the filing of the remittitur therein upon this decision. It is so ordered, and the clerk of this court is directed to transmit to the clerk of the superior court with the remit-

titur the $142 check, being Exhibit Two of the statement of facts. Such check to be delivered to respondents upon the payment or deposit of the $142 as herein directed. Upon the failure to make such payment or deposit as directed, the superior court will award appellants a new trial.

RUDKIN, MOUNT, GOSE, and FULLERTON, JJ., concur.